**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE ARMOR ALL/STP PRODUCTS COMPANY,<br><br>*Plaintiff,*<br>   v.<br><br>TSI PRODUCTS, INC.,<br><br>*Defendant.* | **CASE NO. 3:17-CV-1131**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff The Armor All/STP Products Company ("Plaintiff" or "AA/STP"), by its undersigned counsel, brings this action against Defendant TSI Products, Inc., ("Defendant") and respectfully alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for trademark infringement, trade dress infringement, trademark counterfeiting, false designation of origin, unjust enrichment, and other acts of unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq*., and/or common law, copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq*., as well as other claims under Connecticut state law and common law.

1

**THE PARTIES**

2.   Plaintiff AA/STP is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 44 Old Ridgebury Road, Danbury, Connecticut 06810.

3.   Upon information and belief, Defendant TSI Products, Inc., is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 3600 E. Randol Mill Road, Arlington, Texas 76011.

4.   Upon information and belief, Avalanche Products ("Avalanche"), a division of Defendant, operates as a manufacturer and distributor of automotive A/C refrigerant products on behalf of Defendant.

5.   Upon information and belief, Defendant TSI Products, Inc., through Avalanche offers for sale products in the United States that are regularly sold to retailers and customers in the State of Connecticut and in this District.

**JURISDICTION AND VENUE**

6.   This is an action for trademark and copyright infringement arising under the United States trademark and copyright laws, Titles 15 and 17 of the United States Code; for unfair competition under the United States trademark laws, 15 U.S.C. § 1114 (Lanham Act); for unfair and deceptive trade practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a *et seq.*; and for unfair competition and unjust enrichment under Connecticut statutory and common law.

7.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the United States trademark and copyright laws, Titles 15 and 17 of the United States Code.  This Court has supplemental jurisdiction over

the Connecticut state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant's acts within or directed toward Connecticut have caused injury to Plaintiff, a resident of this District, particularly, Defendant has committed and continues to commit acts of trademark, trade dress and copyright infringement and other tortious acts causing harm in this District and elsewhere in Connecticut by marketing and offering to sell products that infringe Plaintiff's trademarks, trade dress and copyrights, entitling Plaintiff to relief.

9.      Venue is proper in this District under 28 U.S.C. § 1391 in that a substantial part of the events or acts giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and Plaintiff resides in this District.

## FACTUAL BACKGROUND

### Plaintiff AA/STP's Products and Intellectual Property

10.     Plaintiff originated and is the recognized leader in the category of "do-it-yourself" products for adding refrigerant ("recharging") to vehicle air conditioners that have lost refrigerant over time.  Before Plaintiff's innovations, typically only professional mechanics recharged vehicle air conditioners, which was often time-consuming and expensive.

11.     Just over a decade ago, Plaintiff through its direct corporate predecessor, IDQ Operating, Inc. ("IDQ"), introduced a revolutionary product including refrigerant in a container, with a delivery hose and a "quick connect" coupler for connection to the vehicle air conditioner.

This product enabled consumers to add refrigerant themselves, as needed, without the expense and time of taking the vehicle in for service.

12.     Plaintiff's recognized brands of do-it-yourself refrigerant kits and refill products are sold under several trademarks, including HIGH MILEAGE, A/C PRO, ARCTIC FREEZE, SUB-ZERO, EZ CHILL, and BIG CHILL.  Plaintiff's kits include everything consumers need to service vehicle air conditioners thereby avoiding the costs associated with using a professional mechanic.

13.     Plaintiff's refrigerant products are marketed throughout the United States by retail establishments such as those operated by AutoZone, Inc., The Home Depot U.S.A. Inc., Advance Auto Parts, Inc., Meijer, Inc., National Automotive Parts Association, O'Reilly Auto Parts, Pep Boys, Wal-Mart Stores, Inc., and Kmart Corporation.

14.     Plaintiff manufactures its refrigerant products in its facility in Dayton, Ohio.

15.     As a service to consumers using its products, Plaintiff maintains websites at http://www.rechargeac.com, http://www.certifiedacpro.com and http://www.acprocold.com that present detailed instructions, videos, product descriptions, news, and other information about Plaintiff's various refrigerant product lines.

16.     The United States Patent and Trademark Office ("PTO") has recognized Plaintiff's exclusive right to use the mark HIGH MILEAGE alone and with certain distinctive designs by issuing the following federal trademark registrations: (i) the word mark HIGH MILEAGE (U.S. Reg. No. 4,069,031) for use in connection with "refrigerant chemical preparations for use in connection with automobile air conditioners" (the " '031 Mark");  and (ii) the HIGH MILEAGE and design mark (U.S. Reg. No. 4,116,658) for use in connection with "refrigerant chemical preparations for use in connection with automobile air conditioners" (the "

'658 Mark") (collectively the "HIGH MILEAGE Marks").  The '658 Mark displays the word

HIGH in diagonal letters above the word MILEAGE, which is also displayed in diagonal letters

in an odometer style format as shown below.  The letters are often displayed in red.  True and

correct copies of Plaintiff's registration certificates for the HIGH MILEAGE Marks are attached

as Exhibit A.



17.     The foregoing registrations are valid and incontestable and they constitute

conclusive evidence of Plaintiff's ownership of and exclusive right to use the HIGH MILEAGE

Marks in commerce in connection with its goods.

18.     The '031 Mark registered on December 13, 2011 and the '658 Mark registered

shortly thereafter on March 27, 2012.  Plaintiff has sold refrigerant products under these marks

consistently since at least as early as 2004.  During this time, the marked products have been, and

continue to be, widely publicized through substantial advertising in the United States directed to

consumers online, in print media and through in-store advertising.

19.     Exemplary products within Plaintiff's HIGH MILEAGE family are shown below:



20.     As a result of its substantial advertising and promotional efforts, Plaintiff has enjoyed extensive sales of its HIGH MILEAGE-branded refrigerant products and the HIGH MILEAGE Marks have become well known among consumers as distinctive indicators of Plaintiff's goods.

21.     Plaintiff owns all right, title and interest in and to the HIGH MILEAGE Marks. The HIGH MILEAGE Marks were originally registered in the name of IDQ, but were acquired by Plaintiff pursuant to its merger with IDQ in 2015.

22.     Plaintiff also owns various styles of distinctive trade dress that it uses in connection with its refrigerant products sold under Plaintiff's A/C PRO family of products (collectively "A/C Pro Trade Dress") and Plaintiff's HIGH MILEAGE family of products (collectively "High Mileage Trade Dress").

23.     As exemplified by the two products shown below, Plaintiff's A/C Pro Trade Dress includes a black canister with a large black and white A/C PRO logo along the upper portion of the front face of the canister with a black and white image of a man positioned behind

6

the A/C PRO logo, a colored blue banner area extending along the middle region and a set of icons and short phrases along the bottom of the front face of the canister, which summarizes the benefits of each product.



24.     With respect to the canister on the above left, its trade dress also includes a clock banner across the upper right portion.  With respect to the canister on the above right, it includes a prominent placement of Plaintiff's HIGH MILEAGE mark on the front face of the canister.

25.     Plaintiff's HIGH MILEAGE Trade Dress, as exemplified by the two products shown below, includes a prominent placement of Plaintiff's HIGH MILEAGE and design mark on the front face of the canisters with prominent use of red and white coloring.



26.     Plaintiff provides consumers with printed materials and labels, including detailed instructions for its products, and has authored and owns all content of these printed materials and labels.

27.     Plaintiff's printed materials and labels constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*., and are entitled to protection thereunder.

28.     Plaintiff has filed applications with the Copyright Office on an expedited basis to register the labels featured on its A/C PRO and HIGH MILEAGE-branded refrigerant products relevant to the present action (Plaintiff's "Creative Works").

29.     At all relevant times, Plaintiff was and is the sole and exclusive owner of all right, title and interest in and to the copyrights for Plaintiff's Creative Works.  Plaintiff is the applicant in four pending copyright applications for copyright registrations filed with the Copyright Office directed to the works titled: "A/C PRO label," "A/C PRO HIGH MILEAGE label," "IDQ HIGH MILEAGE (340) label" and "IDQ HIGH MILEAGE (340b)" label.  Each of these applications is owned by Plaintiff.

30.     Plaintiff has invested significant time and resources for developing and obtaining intellectual property related to its products, including, but not limited to, trademarks, trade dress and copyrights.

**Defendant TSI Products, Inc.**

31.     Upon information and belief, Defendant TSI's Avalanche division was founded in 2014 by William Quest, Michael E. Quest and John Ehlert.  William Quest was previously employed as President of refrigerant product supplier, E.F. Products, L.P. ("EF"), in 2007, when EF merged with Interdynamics, Inc., which is a predecessor to IDQ. Prior to the merger, EF and Interdynamics, Inc., were direct competitors in the field of automotive refrigerant aftermarket products.

32.     Upon information and belief, Michael E. Quest was employed as the Vice President, Secretary and Treasurer of EF at the time of the merger.  Following the merger, Michael Quest remained employed by Plaintiff's direct corporate predecessor, IDQ, as Executive Vice President from 2007-2009 and continued to provide consulting services in connection with the sales of refrigerant products to IDQ from 2009-2011.

33.     Upon information and belief, TSI initially launched a family of refrigerant products featuring a blue and white label design and no apparent use of Plaintiff's HIGH MILEAGE Marks.  Plaintiff's mid-tier refrigerant products have directly competed with Defendant's Avalanche-brand refrigerant products since their launch.

34.     Upon information and belief, Defendant TSI launched a new lineup of Avalanche premium refrigerant products in or around April 2016.  One of these Avalanche products (Model No. BD-307) uses Plaintiff's HIGH MILEAGE Marks (the "Counterfeit Product").  Notably,

these Avalanche products also feature a radically different label compared to Defendant's initial line of refrigerant products, replacing the blue and white color scheme used on Defendant's mid-tier refrigerant products with a dark grey or black label with individual elements and an overall design that strongly resembles Plaintiff's A/C Pro Trade Dress and High Mileage Trade Dress. These Avalanche products, and in particular the Counterfeit Product, have directly competed for shelf space and sales with Plaintiff's premium A/C PRO and HIGH MILEAGE product lines.

35.    Notwithstanding Plaintiff's prior rights in the HIGH MILEAGE Marks, the A/C Pro Dress and the High Mileage Trade Dress, and other rights described herein, Defendant has conspired to erode Plaintiff's business and to trade on Plaintiff's goodwill by using, directly and indirectly, without any authorization from Plaintiff, counterfeit imitations of the HIGH MILEAGE Marks with packaging that imitates the A/C Pro Trade Dress, High Mileage Trade Dress and Creative Works in connection with the advertising and sale of refrigerant products that are directly competitive with those offered by Plaintiff.

36.    Defendant's infringing activities include, but are not limited to, sales of the Counterfeit Product (Model No. BD-307, shown below), which substantially replicates Plaintiff's '658 Mark directed to the HIGH MILEAGE and design mark.

| Plaintiff's '658 Mark | Avalanche's Counterfeit Product |
|---|---|
|  |  |

37.     Defendant's Counterfeit Product directly competes with Plaintiff's A/C Pro High Mileage refrigerant product (ACP-307) and copies Plaintiff's '658 Mark, which is featured on other HIGH MILEAGE-branded refrigerant products sold by Plaintiff.  Furthermore, Defendant's Counterfeit Product imitates the red diagonal lettering, the display of the word MILEAGE in an odometer format and the black background aspects of the A/C Pro Trade Dress and the High Mileage Trade Dress as evidenced by the side-by-side comparisons with Plaintiff's refrigerant products provided below:



38.     Defendant has further conspired to erode Plaintiff's business and to trade on Plaintiff's goodwill by using, directly and indirectly, without any authorization from Plaintiff,

packaging on its products that imitates Plaintiff's A/C Pro Trade Dress in connection with the advertising and sale of refrigerant products that are directly competitive with those offered by Plaintiff. A side-by-side comparison showing exemplary aspects of the A/C Pro Trade Dress which have been copied by Defendant is provided below:



39.     Defendant's adoption of trade dress imitating two of Plaintiff's distinct product lines (i.e., the A/C PRO and HIGH MILEAGE product lines) confirms that Defendant is engaged in an active campaign to imitate and unfairly profit from the goodwill symbolized by Plaintiff's trademarks and trade dress.

40.     As further evidence of the directly competitive nature of Plaintiff's and Defendant's refrigerant products, Plaintiff submits the following photograph taken at an AutoZone retail store in Danbury, Connecticut showing Defendant's Avalanche products using Plaintiff's A/C Pro Trade Dress and placed directly next to Plaintiff's A/C PRO- branded products on the shelves.



41.     Plaintiff further submits a receipt from the same AutoZone retail store in

Danbury, Connecticut, which also recorded the purchase of two canisters of the Counterfeit

Product (Model No. BD-307) using Plaintiff's HIGH MILEAGE Marks.  *See* Exhibit B.  The

receipt does not list the Counterfeit Product, but rather lists Plaintiff's A/C PRO HIGH

MILEAGE-branded product as "AC Pro High Mile, 12 oz." instead.  Plaintiff has also obtained

sales receipts from AutoZone retail stores in other locations in New York confirming that the

Counterfeit Product is being misidentified as Plaintiff's A/C PRO HIGH MILEAGE-branded

product sold by Plaintiff.  These facts highlight both the directly competitive nature of these

products and the confusion that Defendant is creating via their Counterfeit Product.  Plaintiff also

submits a second receipt from the same AutoZone retail store confirming the purchase of a

canister of Defendant's Avalanche refrigerant product (Model No. BD-221), which is an

exemplary specimen of an Avalanche product which imitates AA/STP's A/C Pro Trade Dress.

*See* Exhibit C.  Defendant markets additional products at this and other AutoZone locations

within Connecticut which imitate the A/C Pro Trade Dress, including Model Nos. BD-221, BD-

222, BD-232.  Upon information and belief, Defendant also offers California Air Resources

Board ("CARB") approved versions of each of these products at other locations (CARB versions

denoted by a "CA" model suffix).

42.     Upon information and belief, Defendant's Counterfeit Product and Avalanche products are sold through AutoZone retail stores.

43.     Defendant's conduct supports a finding of willful infringement of Plaintiff's HIGH MILEAGE Marks, protected trade dress and Creative Works.  Upon information and belief, by virtue of Michael E. Quest's role as a consultant for IDQ's refrigerant business, Plaintiff believes that Michael E. Quest has actual and constructive knowledge of the existence of Plaintiff's HIGH MILEAGE Marks and actual and constructive knowledge of Plaintiff's sale of A/C PRO and HIGH MILEAGE-branded products.

44.     Upon information and belief, by virtue of William Quest's longstanding involvement in the automotive refrigerant industry and previous business dealings with Plaintiff's direct corporate predecessor, Plaintiff believes that William Quest has actual and constructive knowledge of the existence of Plaintiff's HIGH MILEAGE Marks and actual and constructive knowledge of Plaintiff's sale of A/C PRO and HIGH MILEAGE-branded products.

45.     Upon information and belief, Michael E. Quest and/or William Quest have been and remain actively involved in orchestrating the sales and marketing of Avalanche products which infringe Plaintiff's HIGH MILEAGE Marks and imitate Plaintiff's A/C Pro Trade Dress and High Mileage Trade Dress in addition to infringing or violating Plaintiff's Creative Works and other intellectual property and proprietary rights described herein.  Upon information and belief, Defendant's substantial copying of the HIGH MILEAGE Marks, the A/C Pro Trade Dress, the High Mileage Trade Dress and Plaintiff's Creative Works should support a finding of actual and constructive knowledge of this intellectual property by Defendant by virtue of the unlikelihood of such similarities arising by anything other than purposeful copying.

## COUNT I

**TRADEMARK INFRINGEMENT IN VIOLATION OF FEDERAL LAW**

46.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of infringement in violation of 15 U.S.C. § 1114(1)(a). Paragraphs 1 through 45 of this Complaint are incorporated by reference as part of this count.

47.     Defendant has copied Plaintiff's HIGH MILEAGE Marks and used them to market the Counterfeit Product with a deliberate intent to cause confusion, mistake and deception among prospective customers.

48.     Defendant has used and is using Plaintiff's HIGH MILEAGE Marks in connection with the advertising and selling of refrigerant products in this District and in other states, in commerce, in such a manner as to create a likelihood of confusion, mistake, or deception among actual and prospective consumers and said acts have damaged, impaired, and diluted that part of goodwill symbolized by Plaintiff's HIGH MILEAGE Marks and Plaintiff has suffered immediate and irreparable harm and damage.

49.     Defendant's unauthorized use of Plaintiff's HIGH MILEAGE Marks on the Counterfeit Product in the manner alleged constitutes trademark infringement within the meaning of 15 U.S.C. § 1114(1)(a).

50.     Defendant had actual knowledge of Plaintiff's exclusive right to use Plaintiff's HIGH MILEAGE Marks when it engaged in the conduct complained of herein.  Thus, Defendant has willfully and deliberately engaged in the aforesaid acts of infringement with an intent to injure Plaintiff and to deceive the public.

51.     Defendant's acts of infringement have caused Plaintiff irreparable injury and loss of reputation.  Unless enjoined by this Court, Defendant will continue these acts of infringement thereby resulting in continued immediate and irreparable damage to Plaintiff.

## COUNT II

### COUNTERFEITING IN VIOLATION OF FEDERAL LAW

52.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark counterfeiting in violation of 15 U.S.C. § 1114(1)(a).  Paragraphs 1 through 51 of this Complaint are incorporated by reference as a part of this count.

53.     Upon information and belief, Defendant has made unauthorized use of spurious marks, which are substantially indistinguishable from Plaintiff's federally registered HIGH MILEAGE Marks within the meaning of 15 U.S. C. § 1127 in advertising and in connection with the sale of products and services in interstate commerce.

54.     Upon information and belief, Defendant has intentionally used such counterfeit marks imitating Plaintiff's HIGH MILEAGE Marks or permitted others to use them, knowing that they are counterfeits, in advertising and offering to sell products and services in interstate commerce.

55.     Defendant's use of counterfeit imitations of the HIGH MILEAGE Marks in the manner alleged is likely to cause confusion, mistake and deception.

56.     Defendant's use of counterfeit imitations of the HIGH MILEAGE Marks has a substantial effect on commerce, which may be lawfully regulated by Congress.

57.     Defendant had full knowledge of Plaintiff's prior rights in the HIGH MILEAGE Marks when Defendant adopted counterfeits of the HIGH MILEAGE Marks.

58.     Defendant's unlawful acts complained of herein constitute willful and deliberate counterfeiting within the meaning of Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(a).

59.     Unless enjoined by this Court, Defendant will continue to use counterfeit imitations of the HIGH MILEAGE Marks to Plaintiff's immediate and irreparable damage.

<b>COUNT III</b>

<b>UNFAIR COMPETITION IN VIOLATION OF FEDERAL LAW</b>

60.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of unfair competition of a type proscribed by Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Paragraphs 1 through 59 of this complaint are incorporated by reference as part of this count.

61.     Defendant has used and is using counterfeit marks imitating the HIGH MILEAGE Marks in connection with the advertising and sale of refrigerant products in a manner that creates a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods or services sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff, which acts of Defendant have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by its HIGH MILEAGE Marks to Plaintiff's immediate and irreparable damage.

62.     Defendant's use of marks that are confusingly similar to those owned by Plaintiff, and Defendant's dissemination of false advertising, in connection with the advertising and sale of Defendant's goods or services, constitutes use of a false designation of origin and a false and misleading representation within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Defendant's use of a mark confusingly similar to those of Plaintiff and its dissemination of false and misleading representations constitute unfair competition entitling Plaintiff to remedies pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64.     Defendant's acts of false designation of origin, false representation and false advertising have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this Court, Defendant will continue the acts of unfair competition complained of herein to Plaintiff's immediate and irreparable damage.

## COUNT IV

### TRADE DRESS INFRINGEMENT IN VIOLATION OF FEDERAL LAW

65.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of common law trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).  Paragraphs 1 through 64 of this complaint are incorporated by reference as part of this count.

66.     Plaintiff's A/C Pro Trade Dress and High Mileage Trade Dress are nonfunctional, inherently distinctive, and they acquired additional distinctiveness long before any of the unlawful conduct of Defendant complained of herein, and is entitled to the broadest scope of protection.

67.     Without Plaintiff's consent, Defendant has used in commerce trade dress that imitates Plaintiff's A/C Pro Trade Dress and High Mileage Trade Dress in connection with the sale, offering for sale, distribution, and advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

68.     Defendant's acts constitute common law trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     The aforesaid acts of Defendant have been intentional, willful and in bad faith.

70.     The aforesaid acts of Defendant have caused, and are causing, irreparable harm to Plaintiff and, unless permanently restrained by this Court, said irreparable injury will continue. Plaintiff has no adequate remedy at law.

**COUNT V**

**COPYRIGHT INFRINGEMENT IN VIOLATION OF FEDERAL LAW**

71.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of copyright infringement proscribed by Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 501, *et seq.*  Paragraphs 1 through 70 of this complaint are incorporated by reference as part of this count.

72.     Plaintiff has applied for registrations with the Copyright Office for its Creative Works (i.e., labels featured on its A/C PRO and HIGH MILEAGE-branded products, as defined above).  Plaintiff's Creative Works are protectable subject matter under the U.S. Copyright Act.

73.     Defendant's Counterfeit Product and Avalanche Product feature product labels that contain material that is substantially similar to one or more of Plaintiff's Creative Works. As a result, Defendant's reproduction and distribution of Plaintiff's Creative Works (or of content derived from Plaintiff's Creative Works) and/or content substantially similar to Plaintiff's Creative Works, constitute infringement of Plaintiff's copyrights therein in violation of 17 U.S.C. § 501(a).

74.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to recover from Defendant the damages it has sustained and will sustain as a result of Defendant's wrongful acts as alleged above in an amount to be established at trial, and Plaintiff is further entitled to recover the profits Defendant made from the wrongful acts.

## COUNT VI

**TRADEMARK INFRINGEMENT IN VIOLATION OF THE COMMON LAW**

75.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of trademark infringement in violation of the common law. Paragraphs 1 through 74 of this complaint are incorporated by reference as a part of this count.

76.     Defendant has used and is using counterfeit marks in connection with the advertising and selling of refrigerant products in a manner which creates a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that the goods and services sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff, which acts of Defendant have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by the HIGH MILEAGE Marks owned by Plaintiff, to Plaintiff's immediate and irreparable damage.

77.     The nature, probable tendency and effect of Defendant's use of the same mark in the manner alleged is to enable Defendant to deceive the public by passing off its goods as being rendered, sponsored, or otherwise approved by or connected with Plaintiff.

78.     Defendant's use of the same mark as owned by Plaintiff in connection with the advertising and selling of vehicle parts is likely to cause confusion, mistake or deception as to the source or origin of Defendant's goods and constitutes infringement of Plaintiff's HIGH MILEAGE Marks under the common law of the State of Connecticut.

79.     Defendant's acts of infringement have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages.  Unless enjoined by this Court, Defendant will continue these acts of infringement thereby deceiving the public and causing Plaintiff immediate and irreparable damage.

## COUNT VII

### UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

80.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts of unfair competition in violation of the common law. Paragraphs 1 through 79 of this complaint are incorporated by reference as a part of this count.

81.     Furthermore, as a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts constituting willful and deliberate unfair competition under the common law.

82.     Defendant has used and is using a counterfeit mark in connection with the unauthorized advertising and selling of refrigerant products in interstate commerce in such a manner as to create a likelihood of confusion among prospective purchasers and to unfairly compete with Plaintiff.  Defendant's use of the counterfeit mark induces purchasers and others to believe, contrary to fact, that the goods sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with Plaintiff.  Defendant's acts have damaged, impaired, and diluted that part of Plaintiff's goodwill symbolized by its HIGH MILEAGE Marks to Plaintiff's immediate and irreparable damage.

83.     The aforesaid acts of Defendant constitute willful and deliberate unfair competition under the common law of Connecticut.

84.     Defendant's acts of unfair competition have caused Plaintiff irreparable injury, loss of reputation, and pecuniary damages.  Unless enjoined by this Court, Defendant will continue said unlawful acts of willful and deliberate unfair competition to Plaintiff's immediate and irreparable damage.

## COUNT VIII

### UNFAIR COMPETITION IN VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

85.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has and is engaged in acts constituting unfair methods of competition and unfair or deceptive acts or practices within the meaning of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.* Paragraphs 1 through 84 of this complaint are incorporated by reference as a part of this count.

86.     Defendant, without Plaintiff's authorization or consent, and having actual and constructive knowledge of Plaintiff's well-known and prior rights in the HIGH MILEAGE Marks, the A/C Pro Trade Dress and the High Mileage Trade Dress, have marketed, distributed, offered for sale and/or sold the Counterfeit Product and Avalanche Product to the consuming public in direct competition with Plaintiff's sale of genuine A/C PRO and HIGH MILEAGE-branded products.  Defendant's Counterfeit Product and Avalanche Product are confusingly similar to and relies upon unauthorized copies of the HIGH MILEAGE Marks, the A/C Pro Trade Dress and the High Mileage Trade Dress.

87.     Defendant's acts constitute unfair methods of competition and unfair practices in the conduct of commerce and are likely to cause injury to Plaintiff's intellectual property, business reputation, the HIGH MILEAGE Marks, the A/C Pro Trade Dress and the High Mileage Trade Dress and other valuable goodwill associated with such intellectual property at no cost to Defendant, and in violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a).  Unless enjoined by this Court, Defendant will continue said acts of unfair competition to Plaintiff's immediate and irreparable damage.

## COUNT IX

### UNJUST ENRICHMENT

88.     As a separate cause of action and ground for relief, Plaintiff alleges that Defendant has been unjustly enriched as a result of the conduct complained of herein. Paragraphs 1 through 87 of this complaint are incorporated by reference as a part of this count.

89.     By engaging in the conduct complained of herein, Defendant has unlawfully diverted revenue to which Plaintiff is entitled and Defendant has obtained sums of money that it would not have obtained but for its unlawful conduct.

90.     Plaintiff has created value and generated goodwill in its HIGH MILEAGE Marks.

91.     Defendant has traded on this value and goodwill and on Plaintiff's reputation through its deceptive, unfair and unlawful practices.  As a result of Defendant's actions, it has generated economic and other benefits at Plaintiff's expense.

92.     Plaintiff has not authorized, acquiesced in or otherwise agreed to Defendant's actions complained of herein.

93.     It would be inequitable, under these circumstances, for Defendant to retain the benefits accrued to them.

94.     Unless enjoined by this Court, Defendant will continue to gain unjust enrichment to Plaintiff's immediate and irreparable damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1)       Pursuant to 15 U.S.C. § 1116, and the laws of the State of Connecticut, that Defendant and each of its agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with it be preliminarily and permanently enjoined from:

(a) Using or authorizing others to use the HIGH MILEAGE Marks, or any other name or mark containing the words HIGH MILEAGE, or any confusingly similar names or marks, or any trade dress confusingly similar to Plaintiff's A/C Pro Trade Dress or Plaintiff's High Mileage Trade Dress or any domain name similar to Plaintiff's HIGH MILEAGE Marks, in the advertising or sale of any goods or services;

(b) Using or authorizing others to use in any manner any service mark, trademark, trade name, domain name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations, or any combinations thereof which would imitate, resemble or suggest Plaintiff's well known HIGH MILEAGE Marks, A/C Pro Trade Dress or High Mileage Trade Dress;

(c) Otherwise infringing Plaintiff's HIGH MILEAGE Marks;

(d) Unfairly competing with Plaintiff, diluting the distinctiveness of Plaintiff's well known HIGH MILEAGE Marks, and otherwise injuring Plaintiff's business reputation in any manner;

(e) Making false or disparaging statements concerning Plaintiff or its products; and

(f) Interfering with Plaintiff's contractual relations or prospective contractual relations.

(2)     Pursuant to 15 U.S.C. § 1118 and the laws of the State of Connecticut, Defendant be directed to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles and all other materials in its possession or under its control that resemble Plaintiff's A/C Pro Trade Dress or High Mileage Trade Dress, or which resemble or bear the HIGH MILEAGE Marks, or any other name or mark containing the HIGH MILEAGE Marks or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's HIGH MILEAGE Marks or trade dress, and all plates, molds, matrices, and other means of making or duplicating the same.

(3)     Pursuant to 15 U.S.C. § 1117 and the laws of the State of Connecticut, Defendant account and pay to Plaintiff actual and/or statutory damages in an amount sufficient to fairly compensate Plaintiff for the injury it has sustained, punitive damages in an amount sufficient to deter Defendant from engaging in acts of the type complained of herein, and all profits which are attributable to the infringing sale of goods or services under the names, marks, trade dress and domain names complained of herein, and further that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Defendant's unlawful conduct.

(4)     Pursuant to 15 U.S.C. § 1117 and the laws of the State of Connecticut, Defendant be ordered to pay to Plaintiff the costs of this action and Plaintiff's attorneys' fees.

(5)     Defendant be ordered to make an accounting of all income and all profits derived from the sale of products under any mark or trade dress owned by Plaintiff.

(6)     Pursuant to 17 U.S.C. § 502 and the laws of the State of Connecticut, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from using any copies of, and any and all goods containing copies of, any designs that are identical or colorable imitations of Plaintiff's

Creative Works, on or in connection with the importation, sale, offering for sale, distribution exhibition, display, or advertising of its goods.

(7)      Pursuant to 17 U.S.C. § 503 and the laws of the State of Connecticut, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court any plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies of Plaintiff's Creative Works may be reproduced, including all computer or other electronic files.

(8)      Pursuant to 17 U.S.C. § 504 and the laws of the State of Connecticut, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court all records documenting the manufacture, sale, or receipt of things involved in violating Plaintiff's copyrights in its Creative Works.

(9)      Defendant be directed to pay over to Plaintiff any and all damages, including punitive damages, which it has sustained by consequence of Defendant's copyright infringement, and further that the amount of actual damages be enhanced due to the willful and malicious nature of Defendant's actions.

(10)      Pursuant to 17 U.S.C. §§ 412, 504, and 505, at the election of Plaintiff if it shall so be entitled, Defendant be directed to pay all statutory damages, attorney's fees and any enhanced award due to Defendant's willful infringement.

(11)      Plaintiff be granted such other, further, different or additional relief as this court deems equitable and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable in accordance with Rule 38 of the

Federal Rules of Civil Procedure.

July 7, 2017                                        Respectfully submitted,

*s/ Andy I. Corea*
Andy I. Corea (AC0474)
Tatyana Voloshchuk (TV0131)
**ST. ONGE STEWARD JOHNSTON &**
**REENS LLC**
986 Bedford Street
Stamford, Connecticut 06905
Tel. (203) 324-6155
Fax. (203) 327-1096
acorea@ssjr.com
tvoloschuk@ssjr.com
litigation@ssjr.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael A. Grow
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC  20006
Tel. (202) 857-6389
Fax. (202) 857-6395
michael.grow@arentfox.com

Marylee Jenkins
Michael Scarpati
**ARENT FOX LLP**
1675 Broadway
New York, NY 10019
Tel. (212) 484-3900
Fax. (212) 484-3990
marylee.jenkins@arentfox.com
michael.scarpati@arentfox.com