# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE ARMOR ALL/STP PRODUCTS COMPANY, | |
| Plaintiff, | Civil Action No. 3:17-cv-01131-MPS (Lead) |
| v. | Civil Action No. 3:18-cv-01682-MPS (Consolidated) |
| TSI PRODUCTS, INC., et al., | |
| Defendants. | |

## CONSOLIDATED PLAINTIFF TSI PRODUCTS, INC.'S OPPOSITION TO THE ARMOR ALL DEFENDANTS' PARTIAL MOTION TO STRIKE THE SECOND, THIRD AND SEVENTH COUNTS OF TSI PRODUCTS, INC.'S SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff in Civil Action No. 3:18-cv-01682-MPS ("the Consolidated Suit"), TSI Products, Inc. ("TSI"), by and through its undersigned counsel, and pursuant to Local Rule 7(a)(2) hereby files this Opposition to the Consolidated Suit Defendants', The Armor All/STP Products Company ("AA/STP"), Spectrum Brand Holdings, Inc., ("Spectrum"), Guy Andrysick ("Andrysick") and Robert DeRidder ("DeRidder") (collectively, "the Armor All Defendants" or "Defendants") Partial Motion to Strike the Second, Third and Seventh Counts of TSI's Second Amended Complaint ("Second AC," Dkt. 96). For the reasons set forth below, the Armor All Defendants have failed to meet the heavy burden required to prevail on a motion to strike. As such the Motion should be denied.

## I.     INTRODUCTION

The Armor All Defendants' Motion to Strike is ironic in that, after first complaining that TSI's First Amended Complaint failed to plead *enough* facts (*see generally*, the Armor All Defendants' Motion to Dismiss First Amended Complaint and Memorandum in support thereof,

**ORAL ARGUMENT REQUESTED**

Dkt. Nos. 94 and 94-1), they now complain that TSI's Second AC pleads *too many* facts.  But TSI's Second AC is perfectly in keeping with the Court's December 4, 2018 Order permitting TSI to amend the First Amended Complaint (the "Amendment Order"), especially considering the Amendment Order's direct admonition that "**[t]he Court will not allow further amendments after December 21, 2018**."  *See* Amendment Order, Dkt. 95.

In their Motion to Strike, brought pursuant to Fed. R. Civ. P. 12(f), the Armor All Defendants move to entirely strike Counts Two, Three and Seven of TSI's Second AC on the bases that the new allegations purportedly exceed the scope of the Court's December 4, 2018 Order.  The Armor All Defendants contend that such new allegations are "inexplicable, untimely, and prejudicial."  Such arguments, however, are merely conclusory and in any case lack merit. TSI was instructed by the Court to either respond to the Armor All Defendants' Motion to Dismiss or to amend its complaint on or before December 21, 2018 to include "as many facts as possible."  TSI complied with the Court's order and timely filed its Second AC on December 20, 2018, in which it "pleads as many facts as possible"[1] (*see* Amendment Order, Dkt. 95) to further support its original causes of action for unfair competition, false advertising, trademark infringement, and anticompetitive conduct.  There is no basis under Fed. R. Civ. P. 12(f) to strike the Second, Third and Seventh Counts of the Second AC.  Accordingly, TSI respectfully requests that the Armor All Defendants' Motion to Strike be denied.

## II.    PROCEDURAL HISTORY

On or about August 3, 2017, TSI filed its Original Complaint in the United States District Court for the Northern District of Texas (the "Texas Suit").  TSI then filed its First Amended Complaint on November 8, 2017 to add the antitrust claims and to join defendants Andrysick and

---

[1] Based upon the facts known prior to conducting discovery.

DeRidder.  On November 14, 2017, the Armor All Defendants filed a Motion to Transfer the Texas Suit to this Court and, when TSI eventually withdrew its objection, the Texas Court ultimately ordered the Texas Suit transferred to Connecticut on October 5, 2018.

On or about November 30, 2018, The Armor All Defendants moved to dismiss TSI's First Amended Complaint. (Dkt. 94).  The crux of the Motion to Dismiss, of course, was that TSI had allegedly failed to plead sufficient facts to support its causes of action.  The Armor All Defendants argued, for example, that TSI's claim for unfair competition under the Lanham Act should be dismissed because TSI failed to plead facts sufficient to support a plausible claim. (Dkt. 94, pp.4-9). The Armor All Defendants also asserted that TSI's claim for false advertising under the Lanham Act should be dismissed because TSI's claim is based on non-actionable puffery, and TSI did not otherwise plead facts sufficient to support that cause of action.  *Id.* at pp.13-15.  The Armor All Defendants further moved to dismiss TSI's antitrust claims arguing, generally, that TSI had failed to plead sufficient facts to meet the various elements of such claims.  *Id*. at 15-21.

On December 4, 2018, this Court Ordered that "Plaintiff TSI Products, Inc. shall either file a response to the motion [to dismiss] or file an amended complaint *in which it pleads as many facts as possible*, consistent with Rule 11, to address the alleged defects discussed in Defendants' memorandum of law.  *The Court will not allow further amendments after December 21, 2018.*" (*See* Dkt. 95) (emphasis added).  In accordance with the Court's December 4, 2018 Order, therefore, TSI filed a Second Amended Complaint on or about December 20, 2018. (Dkt. No. 96).

III.    **ARGUMENT**

The Armor All Defendants' Motion to Strike should be denied because the amendments made in TSI's Second AC were timely, they fully bear on the subject matter of this litigation,

and they were made in accordance with the Court's Amendment Order.  Further, the amendments should not be stricken under Rule 12(f) because they are not "redundant, immaterial, impertinent, or scandalous matter" as would be required to strike under that Rule. *See* Fed. R. Civ. P. 12(f).  To the contrary, the amendments are directly germane to the issues implicated by the causes of action in question.  Further, the amended allegations contained in Counts 2, 3 and 7 of the Second AC are not "inexplicable, untimely, and prejudicial," as alleged by the Armor All Defendants.  The amendments were made to further support the relevant causes of action, they were made within the time specifically allowed by the Court, and especially given the extremely early stage of this case, there is no prejudice to the Defendants.  Discovery is still in the nascent stages and trial is likely at least a year away.  As such, any argument that the Armor All Defendants will be prejudiced if Counts Two, Three, and Seven of the Second AC are not stricken is unfounded.

### A.    There is No Basis For Striking the New Allegations Pursuant to Rule 12(f)

The Armor All Defendants filed this Motion to Strike pursuant to Rule 12(f).  (*See, e.g.,* Dkt. 103, p. 1 "Pursuant to Fed. R. Civ. P. 12(f), Defendants…respectfully move to strike…").[2] Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Notably, however, Rule 12(f) motions to strike are "generally disfavored and infrequently granted." *Wermann v. Excel Dentistry, P.C.*, No. 13 Civ. 7028, 2014 U.S. Dist. LEXIS 29091, 2014 WL 846723, at *5 (S.D.N.Y. Feb. 25, 2014).

Striking a pleading pursuant to Rule 12(f), "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true

---

[2] *See also* Dkt. 103, Memorandum In Support at p. 2 "Pursuant to Fed. R. Civ. P. 12(f), the Armor All Defendants respectfully move to strike…."

4

substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Striking a pleading is a "drastic remedy and to prevail on a motion to strike, the movant must

clearly show that the challenged matter has no bearing on the subject matter of the litigation and

that its inclusion will prejudice the movant." *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D.

100, 102 (D. Conn. 2008) (citing *2 Moore's Federal Practice*, §§ 12.37[1], 12.37[3] (3d ed.

2007)). In deciding a Rule 12(f) motion a court "must accept the matters well-pleaded as true

and should not consider matters outside the pleadings." *Cty. Vanlines Inc. v. Experian Info.

Sols., Inc.*, 205 F.R.D. 148, 152 (S.D.N.Y. 2002).

In general this Circuit has held that, "the courts should not tamper with the pleadings

unless there is a strong reason for doing so." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp.

2d 521, 555 (S.D.N.Y. 2002) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893

(2d Cir.1976)).

The Armor All Defendants bear a heavy burden to establish a proper basis for their

Motion to Strike brought pursuant to Rule 12(f). *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d

1, 16 (D. Conn. 2013). To prevail on a Rule 12(f) motion to strike, the Armor All Defendant's

must show "(1) no evidence in support of the allegations would be admissible; (2) the

allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand

would result in prejudice to the movant." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278

F.R.D. 55, 63 (E.D.N.Y. 2011) (quotations omitted). It is well settled in this Circuit that a

motion to strike "will be denied, unless it can be shown that *no evidence* in support of the

allegation would be admissible." *Anderson v. Davis Polk & Wardwell, LLP*, 850 F. Supp. 2d

392, 416 (S.D.N.Y. 2012) (emphasis added).

The Armor All Defendants have not shown that any of the above requirements for striking Counts Two, Three or Seven have been met. Defendants have not argued that none of the supporting evidence would be admissible, they have not argued that the allegations have no bearing on the relevant issues, and they have made no showing of prejudice. Indeed, the Motion to Strike does not even cite to the standard for striking a pleading under Rule 12(f), let alone make any effort to apply this standard to the facts of this case. As a result, the Armor All Defendants have not satisfied their burden to strike the new allegations pursuant to Rule 12(f).

**B.      TSI Complied With the Court's Order**

Notwithstanding that Defendants bring their Motion to Strike under Rule 12(f), they appear to complain that new allegations were added to the Second AC that were "not contemplated by the original motion to dismiss", including further allegations of false advertising "unrelated to the 2 statements identified in TSI's First Amended Complaint". (Dkt. No. 103, P.1).

As noted above, however, on December 4, 2018, this Court issued an Order stating, in part, that "Plaintiff TSI Products, Inc. shall either file a response to the motion [to dismiss] or file an amended complaint in which it pleads ***as many facts as possible***, consistent with Rule 11, to address the alleged defects discussed in Defendants' memorandum of law." (*See* Dkt. 95, emphasis added). The Court also made clear that this would be TSI's final opportunity to amend. *Id*. Contrary to the Armor All Defendants' assertion, the amendments made by TSI in the Second AC fall squarely within the scope of this Order.

**1.      Counts Two and Three of the Second AC**

With regards to Counts Two and Three of TSI's Second AC, which set forth allegations of unfair competition and false advertising under the Lanham Act, TSI has amended its complaint to include *as many facts as possible*, to address the alleged deficiencies and to further

support its claims of unfair competition and false advertising.  For example, the amended allegations include statements that "AA/STP and Spectrum Brands made false and misleading descriptions and false and misleading representations of fact about their A/C PRO; ARCTIC FREEZE; SUB ZERO; BIG CHILL; and EZ CHILL low-pressure-measuring-gauge recharge kits, stating that they: a. "Extend AC Life;" b. "Protect [AC] system"; c. "Come with everything you need to recharge your system with no additional tools or equipment"; d. provide an "all-in-one solution"; e. permit one to recharge their system in "just three easy steps"; f. include gauges which provide for fast, easy, and/or convenient recharging; g. include gauges which provide for accurate recharging; and h. "make filling your system to the proper level fast and easy." (Dkt. 96, Count 3, pp.55-56).

The amended counts, while certainly containing additional facts to support the causes of action, are specifically intended to provide additional background and support for the causes of action that the Armor All Defendants previously argued were insufficiently pled.

TSI maintains that the First Amended Complaint was sufficient as-is to support its Lanham Act claims, at least because there is no requirement that such claims comply with the heightened pleading standard under Fed. R. Civ. P. 9(b).  *See Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, 596 F. Supp. 2d 497, 502 (D. Conn. 2009); *see also* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief.").  Nevertheless, consistent with the Court's December 4, 2018 Amendment Order, TSI's Counts Two and Three of the Second AC have been further amended to even more adequately support those counts.

The cases cited by the Armor All Defendants for the proposition that courts routinely dismiss claims in amended complaints where the plaintiff exceeded the scope of the permissible

amendment (*see, e.g.*, Dkt. 103, p. 3) are distinguishable.  Specifically, in each of those cases, the courts declined to consider "new claims" based on "entirely new factual allegations." *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 41 (2d Cir. 2012) (affirming motion to dismiss where plaintiff was granted limited leave to amend specifically to allege standing to sue, but instead abandoned the agreement it relied on for over two years and asserted an entirely new agreement purporting to cover the same transaction); *see also Kuntz v. N.Y. State Bd. of Elections*, 924 F. Supp. 364, 366-367 (N.D.N.Y. 1996) (dismissing new claims in amended complaint because after a lengthy litigation and substantial time and expense incurred by all defendants, the plaintiff completely disregarded the court's express restrictions to amend counts two and three only, and instead expanded his claims into five causes of action based on frivolous and "entirely new factual allegations and legal bases").

Here, Counts Two and Three are not new causes of action; TSI has merely amended them to add additional supporting facts to address the alleged deficiencies raised by Defendants in accordance with the December 4, 2018 Amendment Order.  To the extent that additional facts have been added, they are wholly related and relevant to TSI's claims that the Armor All Defendants have unfairly competed with TSI through false, deceptive, and/or misleading claims regarding their refrigerant products and AC recharge kits and/or infringed on and misused TSI's AC AVALANCHE and AVALANCHE trademarks.  Counts Two and Three of TSI's Second AC, should therefore not be stricken from the Second AC.

### 2.      Count Seven of the Second AC

Count Seven of TSI' Second AC alleges violation of the Connecticut Unfair Trade Practices Act ("CUTPA").  While the CUTPA count did not exist in the First Amended Complaint (which was originally filed in Texas), the allegations raised in Count Seven rely solely upon the same underlying facts as the other counts of the Complaint.  Thus, Count Seven

adds no new facts or allegations.  Moreover, CUTPA is a Connecticut state specific claim that is appropriately brought in this matter now that it will go forward in Connecticut rather than Texas. Thus, there is no basis to strike Count Seven from TSI's Second AC.

### 3.    TSI's Amendments Were Proper and Should Not Be Stricken

The Armor All Defendants' argue that "TSI's plethora of new factual allegations, all of which could likely have been pled nearly 18 months ago…warrant striking TSI's unfair competition, false advertising, and unfair trade practice claims from TSI's Second AC." *See* Dkt. 103, p. 6.  But TSI's argument contradicts the purpose behind granting leave to amend pleadings (*e.g.*, curing deficiencies), and also contravenes the Court's December 4, 2018 Order. Not only was TSI instructed to plead "as many facts as possible," but the Court further stated that it "will not allow further amendments" after December 21, 2018.  *See* Dkt. 95.  As such, TSI did nothing more than comply with the Court's directive – it amended the First AC to add as many facts as it could to address the alleged deficiencies and remove all doubt about the sufficiency of the pleading.  Further, it did so mindful that it would not be given another opportunity to amend. To the extent that new facts have been alleged, all are related to and supportive of the causes of action included in the First AC.

Further, the Court's Order should be construed broadly to conform to the spirit of Rule 15 and the Court's admonition that this is the final amendment permitted.  The Federal Rules provide that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts in this Circuit have held that correcting deficiencies "is a legitimate reason for seeking to amend a pleading under the liberal standard of Rule 15(a)."  *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* 2015 U.S. Dist. LEXIS 88121, at *22 (S.D.N.Y. July 6, 2015) citing *Luparello v. Inc. Vill. of Garden City*, 290 F. Supp. 2d 341, 344 (E.D.N.Y. 2003).

 Finally, the Armor All Defendants have failed to show how they would be credibly

prejudiced by the inclusion of the additional factual support in Counts Two, Three, and Seven of

TSI's Second AC.  All that has happened is that TSI has amended its Complaint to add additional

facts.  It has not, for example, added entirely new causes of action that were wholly absent from

the First AC.[3]  Nor is this a case where the amendment is occurring at the eleventh hour.  To the

contrary, this case is in its early stages.  Written discovery on TSI's claims has only just been

served.  No document production has occurred, no interrogatories have been answered, no

depositions have been taken, no experts have rendered reports, and the case is a long time away

from trial.  The Armor All Defendants have ample time and opportunity to conduct discovery

and mount a fair defense to the newly alleged facts contained in the Second AC.

       The Armor All Defendants argue that they have "expended significant time and resources

and developed a litigation strategy predicated on prior allegations and causes of action such that

they would be prejudiced in responding to a pleading which far exceeds the scope of this Court's

Order."  (Dkt. 103, p. 6).  This conclusory statement does not credibly support a claim of

prejudice, and certainly not prejudice that outweighs TSI's interest in amending consistent with

the instructions set forth in the Court's Amendment Order.  For example, this is not a case where

a party has gone through substantial fact and/or expert discovery, and/or has filed post-discovery

dispositive motions only to have the opposition materially change its claims or theories late in

the case.  As noted above, here discovery has just barely begun and trial is likely more than a

year away.  Absent a showing of prejudice, the motion to strike must be denied.  *Cty. Vanlines*

*Inc. v. Experian Info. Sols., Inc.,* 205 F.R.D. 148, 153 (S.D.N.Y. 2002); *see also Walters v.*

*Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 80 (D. Conn. 2015) ("Plaintiff does not identify,

nor can the Court ascertain, any 'prejudicial harm' to plaintiff arising from the inclusion of this

---

[3] Again, the CUTPA count has been added, but (a) it relies solely on the factual allegations supporting the other counts, and (b) it is only being brought now that the suit has been transferred from Texas to Connecticut.

defense, and thus, 'the defense need not be stricken.'"); *Rochester Gas & Elec. Corp. v. Delta Star, Inc.*, No. 06-CV-6155-CJS-MWP, 2009 U.S. Dist. LEXIS 11489, at *16 (W.D.N.Y. Feb. 13, 2009) ("mere assertions by the moving party that he is prejudiced are insufficient").

Accordingly, TSI's allegations set forth in Counts Two, Three, and Seven of its Second AC are relevant to the claims asserted in this action, were made in compliance with the December 4, 2018 Amendment Order and do not include "redundant, immaterial, impertinent, or scandalous matter" that should be stricken pursuant to Rule 12(f).  Permitting the allegations to stand would cause no material prejudice to the Armor All Defendants.  Therefore, the Armor All Defendants' Motion to Strike should be denied.

## IV.    **CONCLUSION**

For at the least the foregoing reasons, TSI respectfully submits that the Armor All Defendants' Motion to Strike should be denied.

Dated: February 7, 2019

Respectfully submitted,

By: /s/ Steven M. Coyle
Steven M. Coyle, Esq. (ct21039)
scoyle@cantorcolburn.com
Nicholas A. Geiger, Esq. (ct28060)
ngeiger@cantorcolburn.com
Tasia E. Perkins, Esq. (ct29498)
tperkins@cantorcolburn.com
**CANTOR COLBURN LLP**
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel. (860) 286-2929
Fax. (860) 286-0115

Of Counsel:

David E. Dunham, Esq.
(*pro hac vice*)
ddunham@taylordunham.com
Isabelle M. Antongiorgi, Esq.
(*pro hac vice*)
ima@taylordunham.com
Emily Young, Esq.
(*pro hac vice*)
eyoung@taylordunham.com
**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Avenue, Suite 1050
Austin, Texas 78701
Tel. (512) 473-2257
Fax. (512) 478-4409

*Attorneys for Defendants and
Consolidated Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2019, a copy of the foregoing document was filed electronically and served by mail on any party unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By: <u>/s/ Steven M. Coyle</u>

13